UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

FANNY TATIANA VERA,

    Plaintiff,

v.

CAMDEN DEVELOPMENT, INC.,

    Defendant.

_____ /

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Camden Development, Inc. ("Camden" or "Defendant") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the Southern District of Florida, and as grounds therefor states:

**I.  State Court Action**

On or about May 17, 2021, Plaintiff Fanny Tatiana Vera ("Vera" or "Plaintiff") filed a civil action against Portofino Place, Ltd. d/b/a Camden Portofino in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Docket No. CACE-21-009877. Portofino Place, Ltd. was served with initial process on May 19, 2021. Before Portofino Place, Ltd. responded to the Complaint, on June 6, 2021, Plaintiff filed her Amended Complaint substituting Camden Development, Inc. for Portofino Place, Ltd as defendant in this lawsuit. Thus, currently, the only parties to this action are Plaintiff Fanny Tatiana Vera and Defendant Camden Development, Inc. Copies of all summons, pleadings, and orders filed are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a).

The Amended Complaint alleges that Plaintiff was discharged from her employment with Camden because of her disability and failed to accommodate her disability in violation of the

Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. §§ 760.02 *et seq*. *See* Am. Compl. ¶¶ 17-20, and 25.

## II.     Basis for Federal Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

This Court has proper subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is an action in which the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are as follows.

## III.    Diversity of Citizenship

### (a)    Complete Diversity

Vera resides in Broward County, Florida. *See* Am. Compl. ¶ 4. Thus, for diversity purposes, Plaintiff is a citizen of Florida.

The only Defendant in this case is Camden Development, Inc. Camden Development, Inc. was at the time of the filing of Plaintiff's Amended Complaint, and still is, a corporation organized and incorporated under the laws of Delaware with its principal place of business in Houston, Texas. *See* Declaration of Jennifer Killen ¶ 6 (hereafter "Killen Decl.") (**Exhibit B**). Thus, for diversity purposes, Camden Development, Inc. is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

Thus, there is complete diversity of citizenship between the parties.

### (b)    The Amount in Controversy Exceeds $75,000

Vera's Amended Complaint seeks an unspecified amount of damages for "all damages recoverable under the Florida Civil Rights Act," including "punitive damages," "costs," "attorney fees," "and any other lawful relief this Court deems to be just and proper." *See* Am. Compl. ¶¶ 20, and 27.

If an amount for damages has not been explicitly pled, the removing party must prove merely "by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 1996) (emphasis added); *see also* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). As such, the issue is whether – more likely than not – the amount in controversy exceeds $75,000.

The Eleventh Circuit has held that this "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1997). Importantly, "[t]he point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754; *see also South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the key is not "how much the plaintiffs are ultimately likely to recover," but "how much will be put at issue during the litigation"). Here, for the reasons stated below, it cannot be disputed that the amount of controversy is more than $75,000.

First and foremost, the amount of Plaintiff's back pay[1] alone satisfies the jurisdictional requirement. Specifically, the amount of back pay at issue can be determined by evaluating Plaintiff's salary on the date of her discharge. *See, e.g.*, *Kok v. Kadant Black Clawson, Inc.*, 274 Fed. App'x 856, 857 (11th Cir. 2008) (holding that a W-2 and affidavit was sufficient to calculate back pay from the date of Plaintiff's termination up to trial).

Plaintiff was discharged on August 11, 2020. *See* Killen Decl. ¶ 4. At the time of her discharge, Plaintiff earned an annual salary of $96,516.62. *See id.* ¶ 5; *see also* Plaintiff's Pay Summary (**Exhibit C**). This number represented Plaintiff's base salary and all bonuses and commissions to which she was entitled. *Id.* Thus, her lost wages to date amount to **$81,667.91** [$96,516.62 annually / 52 weeks x 44 weeks from termination through the present]. This amount, alone, satisfies the jurisdictional requirement. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332(a) is therefore satisfied on the sole basis of back pay to date. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) (court may consider removal notice and post-filing evidence in determining amount in controversy).

Furthermore, if one were to conservatively assume that this case will proceed to trial in as little as 10 months from the date of removal, Plaintiff's lost wages through trial will increase by additional **$81,667.91** [$96,516.62 annually / 52 weeks x 44 weeks from today through trial in April 2022]. As a result, the total amount of back pay at trial will be **$163,335.82**.

By seeking all damages recoverable under the FCRA, Plaintiff also seeks unspecified amount in front pay. Front pay is a form of equitable relief awarded to a FCRA plaintiff in lieu of, or until, reinstatement. *Brown v. Am. Express Co.*, No. 09-CIV-61758, 2010 WL 527756, at

---

[1] A successful Plaintiff is entitled to back pay under the Florida Civil Rights Act. *See Brown v. American Exp. Co., Inc.*, No. 09-61758-CIV, 2010 WL 527756, at *3 (S.D. Fla. Feb. 10, 2010).

*5 (S.D. Fla. Feb. 10, 2010). For amount in controversy purposes, such equitable relief is calculated as "the monetary value of the object of the litigation that would flow to the plaintiff" if the requested relief is granted. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002).

In the event that the Plaintiff can show that reinstatement is not feasible and this Court considers the issue of front pay, an award of one or two years of front pay is not uncommon in employment discrimination cases. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming front pay award of one year in an employment discrimination case under ADEA and FCRA); *Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (assuming one year of front pay when determining amount in controversy in an employment discrimination/retaliation lawsuit under the FCRA); *see also Whittlesey v. Union Carbide Corp.*, 742 F.2d 724 (2d Cir. 1984) (affirming award of 4 years front pay in an ADEA case).

In this case, if Plaintiff was to prevail at trial, her front pay will be **$96,516.62** which represents the value of her annual compensation.

In addition to back and front pay, Plaintiff also seeks money damages for punitive damages. Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases. *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Moreover, a claim of punitive damages in excess of the jurisdictional minimum is sufficient to confer jurisdiction, unless it is apparent to a legal certainty that punitive damages in the amount to confer jurisdiction could not be recovered. *Wood v. Citronelle-Mobile Gathering Sys. Co.*, 409 F.2d 367, 369 (5th Cir. 1969); *see also Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (amount in controversy requirement for federal

jurisdiction may be satisfied by demand for punitive damages if it is possible under state law for jury to award jurisdictional amount). Here, Plaintiff is claiming entitlement to punitive damages, but has not articulated an amount in her Amended Complaint. Notably, punitive damages are available to Plaintiff under the FCRA in an amount up to $100,000.00 – an amount, standing alone, that exceeds the jurisdictional minimum. *See* Fla. Stat. § 760.11(5). At this stage of the case, there is no legal certainty that he will be unable to recover those damages, and the jurisdictional minimum is therefore satisfied.

In addition, Plaintiff can also recover compensatory damages under the FCRA. Compensatory damages under the FCRA are uncapped and unlimited. *See* Fla. Stat. § 760.11(5). There is also no legal certainty at this time that Plaintiff will be unable to recover such damages. *See, e.g.*, *Munoz*, 223 F.3d at 1348 (affirming $150,000 compensatory damages jury award in an employment discrimination FCRA case); *Hill v. Xerox Corp.*, 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (upholding a jury award of $457,000 for emotional distress for violation of the FCRA).

In addition to the foregoing, the amount in controversy also includes Plaintiff's attorney fees when a statutory cause of action entitles a party to them. *See, e.g.*, *Field v. Nat'l Life Ins. Co.*, No. 8:00CV-989-T-24TBM, 2001 WL 77101, at *4 (M.D. Fla. Jan. 22, 2001). Attorney's fees are authorized by the FCRA, and may therefore be claimed in this case. *See* Fla. Stat. § 760.11(5). Accordingly, Plaintiff's potential attorney's fees must be included in estimating the amount in controversy.

Courts have found that reasonable hourly rates in Southern Florida for attorneys handling FCRA cases can range anywhere from $175 to $350 per hour. *See, e.g.*, *Holland v. Gee*, No. 8:08-CV-2458-T-33AEP, 2012 WL 5845010, at *5 (M.D. Fla. Oct. 23, 2012) (awarding plaintiff

$175 and $350 per hour for attorney fees depending on experience level of counsel). As such, attorney fees in employment cases often alone exceed the jurisdictional threshold of $75,000. *See, e.g.*, *Mock v. Bell Helicopter Textron, Inc.*, No. 6:04-CV-1415, 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $342,207.81 in attorney fees in age discrimination case); *EEOC v. Enterprise Leasing Co., Inc.*, No. 8:00-CV-2012-T-24-EAD, 2003 WL 21659097, at * 8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar.). Should Plaintiff prevail at trial, it is likely that her attorney's fees alone would exceed $75,000.

Whatever the individual amounts, it is clear that Plaintiff's lost wages to-date alone are over $75,000. This amount plus additional amounts for back pay through trial, front pay, punitive damages, compensatory damages, and attorney's fees and costs, when all combined, clearly push the amount in controversy well beyond the $75,000 requirement. For these reasons, it is more likely than not that the amount in controversy threshold is satisfied.

**IV.   Venue**

The Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending (*see* 28 U.S.C. § 89(c)), thus, it is the proper district court to which this case should be removed. *See* 28 U.S.C. § 1441(a) & 1446 (a).

**V.   Timeliness of Notice of Removal**

The Amended Complaint was served on Camden Development, Inc. on June 6, 2021. Accordingly, pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal has been filed within thirty (30) days of Defendant's receipt of a "paper" from which it was first ascertained that this case has become removable.

## VI.    Consent of All Defendants

Camden Development, Inc. is the only Defendant in this action, and it consents to the removal of this action.

## VII.    Conclusion

In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida.  A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit D**.

WHEREFORE, Defendant Camden Development, Inc. respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida to the United States District Court for the Southern District of Florida.

Dated:  June 16, 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
9130 South Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456


Gregory R. Hawran
Gregory R. Hawran
 Florida Bar Number 55989
 gregory.hawran@ogletreedeakins.com

*Counsel for Defendant Camden Development, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

Gregory R. Hawran
Gregory R. Hawran

## SERVICE LIST

*FANNY TATIANA VERA v. CAMDEN DEVELOPMENT, INC.*
*United States District Court for the Southern District of Florida*
*Case No. _____*

Chad E. Levy, Esquire
chad@levylevylaw.com
assistant@levylevylaw.com
David M. Cozad, Esquire
david@levylevylaw.com
LAW OFFICES OF LEVY & LEVY, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: 954.763.5722
Facsimile: 954.763.5723

*Counsel for Plaintiff, Fanny Tatiana Vera*

Method of Service: *CM/ECF*

Gregory R. Hawran
 gregory.hawran@ogletree.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
9130 South Dadeland Blvd., Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant, Camden Development, Inc.*

47445258.1